# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1649V
Filed: January 26, 2023
UNPUBLISHED

| | |
|---|---|
| DAVID VAZQUEZ-GONZALEZ,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Influenza (flu) vaccine; cranial neuropathies |

*Anne Toale*, Maglio Christopher and Toale, Sarasota, FL, for petitioner.
*Felicia Langel*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

      On August 2, 2021, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that he suffered "injuries," including cranial neuropathies caused-in-fact by the influenza vaccination he received on February 14, 2019.  (ECF No. 1.)  Petitioner also alleged that the influenza vaccine significantly aggravated his depression, anxiety, and alcohol abuse disorder.  (*Id.*)  On June 24, 2022, respondent filed his Rule 4 report, recommending against compensation.  (ECF No. 17.)  Following the filing of respondent's Rule 4 report, petitioner was ordered to file an expert report supporting his claim.  After filing multiple motions for extensions of time, petitioner was ultimately unable to secure an expert report.  (ECF Nos. 19, 20, 22, 23.)

      On January 25, 2023, petitioner filed a Motion for a Decision Dismissing his Petition.  (ECF No. 23.)  Petitioner indicated that "[a]n investigation of the facts and science supporting his case has demonstrated to petitioner that he will be unable to

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

provide that he is entitled to compensation in the Vaccine Program," and that "to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program. (*Id.* at 1.) Petitioner further stated that he "understands that a decision by the Special Master dismissing his petition will result in a judgment against him" and that "[h]e has been advised that such a judgment will end all of his rights in the Vaccine Program." (*Id.*)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine. See §§ 13(a)(1)(A) and 11(c)(1). To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

Petitioner's medical records do not support his allegations by a preponderance of the evidence, and he did not file a medical opinion from an expert in support of his allegations. Accordingly, the undersigned **GRANTS** petitioner's Motion for a Decision Dismissing his Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.